## THE F. J. LUCKENBACH.

(District Court, S. D. New York. January 7, 1920.)

1. **United States** ☞125—**Submits to jurisdiction by filing bond for stay of proceedings in admiralty.**

   The United States submitted fully to the jurisdiction of the admiralty court by causing to be filed the bond required to prevent a stay of proceedings in a libel to which it had been admitted as a colibelant.

2. **Admiralty** ☞43—**Vessel liable in rem, though immune from process.**

   A vessel is liable in rem, and subject to a lien, notwithstanding its use as a government vessel for strictly governmental purposes at the time of the collision, though the vessel cannot be seized during control by the government.

Libel by Jens Samuelson and another against the steamship F. J. Luckenbach. Cross-libel sustained, and reference to assess damages ordered.

Haight, Sanford, Smith & Griffin, of New York City, for Samuelson. Carter & Carter, of New York City, for The Luckenbach.

MACK, Circuit Judge. Agreeing entirely with the conclusions and the reasoning of Judge Hand in The Florence H. (D. C.) 248 Fed. 1012, and in the decision on motions in Re Steamship Gloria, 267 Fed. 929, I hold:

[1] First. That the United States submitted fully to the jurisdiction of this court, by filing or causing to be filed the bond required to prevent a stay of all proceedings in the libel suit to which it had been admitted as a colibelant.

[2] Second. That, while not subject to seizure during its control by the government, the vessel itself was, nevertheless liable in rem and subject to a lien therefor, notwithstanding its use as a government vessel for strictly governmental purposes at the time of the collision.

Third. That the cross-libel must therefore be sustained, and reference ordered to assess the damages.