## THE MAVISBROOK.

## THE CAROLINIAN.

(District Court, D. Maryland. March 1, 1921.)

Admiralty ⬤⇒43—Vessel not exempt from suit because operated by government at time of collision.

The fact that a vessel was under requisition and being operated by the United States at the time of a collision *held* not to exempt her from a suit in rem for the collision after her return to the owner.

In Admiralty. Suit by F. E. Richards, as liquidator of the Steamship Tregenna Company, Limited, owner of the steamship Mavisbrook, against the steamship Carolinian. On exceptions to libel. Overruled.

Haight, Sandford, Smith & Griffin, of New York City, and Brown, Marshall, Brune & Parker, of Baltimore, Md., for libelants.

Robert R. Carman, U. S. Atty., of Baltimore, Md., for respondent.

ROSE, District Judge. This is a collision case. The government has excepted to the libel on the ground that, at the time the collision took place, the Carolinian was under requisition by the government of the United States, upon the bare-boat charter basis, and was actually being then used as an army transport, being manned by an army crew, furnished by the War Department.

Subsequent to the collision, and before the arrest, the requisition and charter were terminated, and she was returned to her owner, in whose possession she was when arrested. The government says

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

that the only way in which a ship can become responsible in rem for a tort is through the fault of some one, whose relation to her is such that she is answerable for his shortcomings, and that neither the government nor its property can ordinarily be held liable for wrong done by its servants or agents.

It further contended that at the time of the collision the Carolinian was not employed as a merchant vessel, and therefore the libelant cannot rely upon section 9 of the act of 1916 (Comp. St. 8146e). At the time she was seized by the marshal she was solely employed as a merchant vessel, and at that time she was not immune from ordinary process upon a libel in rem against her. The Lake Monroe, 250 U. S. 246, 39 Sup. Ct. 460, 63 L. Ed. 962.

Nevertheless it is now urged that no liability in rem ever attaches to a ship for anything she does while in public service and in possession of the government. What Chief Justice Waite *said* while on Circuit in The Fidelity, 8 Fed. Cas. 1189, No. 4,758, fully sustains this contention. But the Supreme Court, in Workman v. New York City, 179 U. S. 552, 21 Sup. Ct. 212, 45 L. Ed. 314, explained that what was *decided* in that case was merely the application of the exception to the mode of execution of a judgment or decree against a municipal corporation, and then went on to say that in the admiralty law, the existence of that exception in all cases had been denied, citing a case from this district. Oyster Police Steamers of Md., 31 Fed. 763. It expressly declined to pass upon which of the conflicting conclusions on this point was the correct one. The Siren, 7 Wall. 163, 19 L. Ed. 129, was cited, and the English cases analyzed, and it was then declared that the English law, in harmony with the maritime law of this country, held that the fact that the wrong had been committed by a public vessel of the crown afforded no ground for contending that no liability arose because of the public nature of the ship, although it may be, in consequence of a want of jurisdiction over the sovereign, redress cannot be given. It said that the public nature of the service upon which the vessel was engaged at the time of the commission of a maritime tort affords no immunity from liability in a court of admiralty, when the court has jurisdiction. In The Siren, supra, the libel was in rem.

The language of the Supreme Court is so clear that it does not seem that it is open to two constructions, and such clearly was the opinion of the judges who sat in The Florence H. (D. C.) 248 Fed. 1012, The Gloria (D. C.) 267 Fed. 929, Samuelson v. The F. J. Luckenbach (D. C.) 267 Fed. 931, and The City of Philadelphia (D. C.) 263 Fed. 234.

It may be said in this case that the Carolinian itself has been released in accordance with the provisions of section 4 of the Act of March 9, 1920 (41 Stat. 526), and the only question remaining open is whether any liability was incurred for the tort committed while she was in the government service, and, if so, for how much?

It follows, from what has been said, that the government's exceptions will be overruled.