## THE POCAHONTAS.

### EAGLE OIL TRANSPORT CO., Limited, v. UNITED STATES, and five other cases.

(District Court, S. D. New York. March 16, 1921.)

Admiralty ⬤➾43—Proceedings in rem for cause originating while vessel in public service is enforceable when such service ends.

   A vessel may become subject to a lien for collision or breach of obligation, though at the time in the possession and service of the government, and while such lien is not enforceable so long as the vessel remains in the public service, it becomes enforceable when the service terminates, and a subsequent purchaser takes subject thereto.

In Admiralty. Libel by the Eagle Oil Transport Company, Limited, as owner of the British steamship San Tirso, against the United States, as owner of the United States steamship Pocahontas, heard with the following libels: By the Almirante Steamship Corporation, as owner of the steamship Almirante, against the United States, as owner of the steamship Hisko; by the A. A. Wire Company, Inc., as owner of cargo on board the steamship Almirante, against the United States, as owner of the steamship Hisko; by Marcelino E. Conle, trading under the firm name of Marcelino E. Conle & Co., as owner of cargo on board of the steamship Almirante, against the United States, as owner of the steamship Hisko; by Wm. Litzrodt, trading under the firm name and style of Broedermann & Litzrodt, as owner of cargo on board the steamship Almirante, against the United States, as owner of the steamship Hisko, and by the Hain Steamship Company, Limited, as owner of the British steamship Trevanion, against the steamship El Dia (formerly known as the United States steamship Roanoke). On motion in each case to quash process and dismiss for want of jurisdiction. Denied.

Harrington, Bigham & Englar, of New York City, for A. A. Wire Co., Inc.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for Almirante S. S. Corporation, Hain S. S. Co., Limited, and Eagle Oil Transport Co.

Francis G. Caffey, U. S. Atty., of New York City, and James W. Ryan, Asst. U. S. Atty.

MANTON, Circuit Judge. In each of the above cases the United States has filed a suggestion. This is a motion whereby it is prayed that the court quash process issued herein and dismiss the libel, with costs, on the ground that the court is without jurisdiction. The claim is that each vessel is not subject to the jurisdiction of the court, because of the rule as to immunity from suit of a sovereign. It is said, because the subject-matter is not within the jurisdiction of the court, a suit in rem cannot be maintained because a maritime lien does not exist against a public vessel. The cause of suit arose while the vessels were in public service and then were immune from process.

In well-considered cases in the District Court since, it has been held that a collision or breach of obligation created a lien, but that the lien was unenforceable while the vessel remained in the government's possession; that when such a vessel ceased to be in the government's possession, the lien against it is enforceable and process may be issued. The Jeanette Skinner (D. C.) 266 Fed. 396 (Judge Rose); The Gloria, (D. C.) 267 Fed. 931 (Judge Mack). The immunity which attaches to a public vessel merely prevents the enforcement of the lien which is created in favor of a libelant if his claim be good.

This rule may seem harsh as against a new owner, but the language of Justice Brown in Tucker v. Alexandroff, 183 U. S. 424, 22 Sup. Ct. 195, 46 L. Ed. 264, is pertinent:

"A ship is born when she is launched, and lives so long as her identity is preserved. Prior to her launching, she is a mere congeries of wood and iron—an ordinary piece of personal property—as distinctly a land structure as a house, and subject only to mechanics' liens created by state law and enforceable in the state courts. In the baptism of launching she receives her name, and from the moment her keel touches the water she is transformed, and becomes a subject of admiralty jurisdiction. She acquires a personality of her own, becomes competent to contract, and is individually liable for her obligations, upon which she may sue in the name of her owner, and be sued in her own name. Her owner's agents may not be her agents, and her agents may not be her owner's agents. * * * She is capable, too, of committing a tort, and is responsible in damages therefor. She may also become a quasi bankrupt, may be sold for the payment of her debts, and thereby receive a complete discharge from all prior liens, with liberty to begin a new life, contract further obligations, and perhaps be subjected to a second sale." 183 U. S. 438, 22 Sup. Ct. 201, 46 L. Ed. 264.

The new owner must take the vessel subject to whatever lien exists against her, and he must therefore make inquiry as to the past of the ship and the liens thereon.

The objections to the jurisdiction of the court are overruled.