## THE NEWARK.

(District Court, S. D. New York. March 17, 1921.)

**Admiralty ⬤43—May proceed against vessel for acts while in public service, when such service ends.**

A lien for a tort may attach to a vessel while in possession and control of and being operated by the government, and is enforceable on a return of the vessel to private ownership and control.

In Admiralty. Suit by the Standard Oil Company of New Jersey against the Steamboat Newark. On exceptions to suggestions of United States attorney. Exceptions sustained.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (L. De Grove Potter, of White Plains, N. Y., of counsel), for libellant.

Francis G. Caffey, of New York City (James W. Ryan, of counsel), for claimant.

KNOX, District Judge. While it is true that the Newark, at the time of the commission of the tort alleged against her, was in the possession and control of the United States, and manned and officered by the Navy Department, she is not, now that she has been returned to private ownership, immune from liability for the tort of which she is said to be guilty.

A very similar, if not the precise, point here involved was before the court in The Gloria (D. C.) 267 Fed. 929. Judge Learned Hand there held that a lien might accrue against a ship at a time when she was a part of the United States Navy and solely engaged in the transportation of troops, and further that such lien would survive the transfer of the vessel's possession by the United States. To the same effect, in this district, is the case of The F. J. Luckenbach (D. C.) 267 Fed. 931, wherein Judge Mack followed the ruling of Judge Hand.

Subsequent to the above mentioned decisions the case of The Jeanette Skinner (D. C.) 266 Fed. 396, came before Judge Rose, of the District of Maryland, and he ruled to the same general effect. The judges who sat in the above cases apparently had no doubt that the position assumed by them was supported by The Siren, 7 Wall. 152, 19 L. Ed. 129, and so it seems to me. I am not unmindful of what was said by Chief Justice Waite, while on circuit, in The Fidelity, 8 Fed. Cas. 1189, No. 4,758; but the sweeping effect of what was there said was, it would seem, very much limited by the Supreme Court in its decisions in Workmen v. New York City, 179 U. S. 552, 21 Sup. Ct. 212, 45 L. Ed. 314.

At all events, two judges sitting in this district have resolved the question adversely to the contention of the government. That fact, standing alone, would be quite sufficient to warrant a similar ruling upon my part, even if I were inclined to disagree with the conclusions of my colleagues. I believe, however that The Gloria and The F. J. Luckenbach were rightly decided, and I shall follow them. In addition to the foregoing decisions in this district, I understand that in the case of Eagle Oil Transport, Ltd., v. United States of America, as Owner of the U. S. Steamship Pocahontas et al., 278 Fed. 214, Judge Manton, sitting in the District Court, handed down on March 16, 1921, a decision in which he holds to this same effect.

Libelant's exceptions to the suggestion of the United States attorney will be sustained.